## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRYSTAL DEBERRY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA** | : | **NO. 17-3267** |

### MEMORANDUM

**O'NEILL, J.**                                                                              **AUGUST 11, 2017**

Plaintiff Crystal Deberry brings this civil action, pursuant to 42 U.S.C. § 1983, seeking dismissal of criminal charges brought against her in state court. She seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss her complaint.

Although the caption of the complaint identifies the Commonwealth of Pennsylvania as the only defendant, plaintiff names four additional defendants in the body of her complaint—a magisterial district judge, a detective, a patrolman, and the Wilson Borough Police Department.[1] Although plaintiff's allegations are generalized and conclusory, it is clear she is alleging that she has been falsely charged with criminal violations and/or that the prosecution against her is flawed. It appears from a review of publicly available dockets that plaintiff is referring to her prosecution in the Northampton County Court of Common Pleas, *Commonwealth v. Deberry*, Docket No. CP-48-CR-0001362-2017. The case is set for trial in September. Plaintiff asks the

---

[1] The complaint also appears to identify a second plaintiff. As plaintiff can only bring claims on behalf of herself, the Court will dismiss any claims brought on behalf of someone else to the extent plaintiff is attempting to pursue any such claims. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

Court to drop the charges against her, immediately release her from incarceration, and fire two police officers. She does not seek damages; she wants "to be free." (Compl. at 11.)

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that she is not capable of pre-paying the fees to commence this action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As plaintiff is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

This Court may not intervene in plaintiff's state criminal proceeding. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971). If plaintiff believes that the charges against her should be dismissed because they are false or for any other reason that would render the prosecution defective, she has the ability to raise those arguments in her criminal case. Furthermore, the Court cannot direct the firing of police officers.

In any event, there is no legal basis for any § 1983 claims against the Commonwealth of Pennsylvania, the magisterial district judge who handled plaintiff's case, or the police department. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (explaining that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for

_____

[2] However, as plaintiff is a prisoner, she will be obligated to pay the filing fee in installments in accordance with 28 U.S.C. § 1915(b).

alleged deprivations of civil liberties"); *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978) (municipal liability under § 1983 must be predicated upon a municipal policy or custom); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam) (discussing judicial immunity and amendments to § 1983 limiting injunctive relief against a judicial officer). Plaintiff has also failed to state a claim against the police officers allegedly responsible for her prosecution because her allegations are vague, and do not clearly indicate what each individual did to allegedly violate her rights.

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately